ANNETTE KINGSLAND ZIEGLER, J.
¶ 1. This is a review of an order of the court of appeals[1] that required defense counsel to seek permission from the circuit court in order to reference information from a presentence investigation report (PSI) in an appellate brief.
¶ 2. Assistant State Public Defender Steven Grunder (Grunder) was appointed as postconviction counsel for Michael Buchanan (Buchanan). Grunder, on Buchanan's behalf, filed a motion with the court of appeals seeking permission to use, cite to, and quote from[2] Buchanan's PSI in his appellate brief. The court of appeals granted the motion. The State, in turn, filed a motion seeking the same permission to use, cite to, and quote from the PSI for its own appellate brief. The State's motion stated that it had been the attorney general's practice to seek the circuit court's permission to cite a PSI in an appellate brief following State v. Parent, 2006 WI 132, 298 Wis. 2d 63, 725 N.W.2d 915. The court of appeals then issued an order that placed under seal all copies of Buchanan's brief, directed the parties to move the circuit court for permission to cite the PSI, and denied the State's motion to the court of appeals for permission to cite the PSI. The State Public Defender (SPD) petitioned this court to issue a supervisory writ vacating the court of appeals' order and *740 clarifying that the parties in Buchanan's case need not ask permission of any court before citing the PSI in their appellate briefs. Uniquely, the State filed an amicus brief agreeing with the SPD.
¶ 3. We conclude that the SPD has not met the requirements for issuance of a supervisory writ. However, pursuant to our superintending and administrative authority, we conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) (2009-10)[3] need not ask any court's permission to reference a PSI in an appellate brief. Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal. We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.
I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE
¶ 4. In 2010, Buchanan pled no contest to two crimes. The circuit court sentenced Buchanan, and he filed a notice of intent to pursue postconviction relief. The SPD assigned Attorney Grunder to represent Buchanan. On November 22, 2011, Buchanan's counsel filed a motion with the court of appeals seeking permission to cite "the portions of the PSI relevant to the defendant's appeal." The motion stated that Buchanan's appeal was focused on sentencing issues, that it was necessary to cite the PSI to develop Buchanan's appellate claims, and that the portions of the PSI that Buchanan sought to use contained no confidential in *741 formation. On November 30, 2011, the court of appeals issued an order granting the motion. The order allowed Buchanan to "quote sparingly" from the PSI but directed him not to use the initials or, by extension, the names of any individuals identified in the PSI. Buchanan then filed the appellate brief.
¶ 5. On January 4, 2012, a motion was filed on the State's behalf seeking the same permission to "quote from the PSI, subject to the same constraints" for the purposes of its own appellate brief. The State's motion stated that to fully respond to Buchanan's appellate brief, it needed permission to cite the PSI. The motion noted that following Parent, it has been the practice of the attorney general's office to seek permission from the circuit court to cite a PSI in an appellate brief.
¶ 6. On February 13, 2012, the court of appeals issued an order that, inter alia, placed under seal all copies of Buchanan's brief, directed the parties to move the circuit court for permission to "access, discuss, cite to, or quote from the PSI," and denied the State's motion to the court of appeals for permission to cite the PSI. The court of appeals reasoned that "Parent makes clear that the circuit court, and not this court, is the proper tribunal to preside over motions requesting access to and disclosure of the contents of PSI reports."
¶ 7. On February 24, 2012, Buchanan filed a motion for reconsideration in the court of appeals. Buchanan argued that a defendant has a right to deny or explain statements in the PSI, which could be violated if he or she is required to obtain circuit court permission to use the PSI. Further, Buchanan argued that Parent is limited to no-merit appeals and that the confidentiality requirement of Wis. Stat. § 972.15(4) and (4m) is met by compliance with Wis. Stat. § (Rule) 809.81(8) ("Every . . . document that is filed in the court *742 and that is required by law to be confidential shall refer to individuals only by their first name and the first initial of their last name.").
¶ 8. On March 2, 2012, the court of appeals denied Buchanan's motion for reconsideration.
¶ 9. On March 14, 2012, the SPD petitioned this court for a supervisory writ. The petition asks this court to vacate the court of appeals' order that required the parties to move the circuit court for permission to "access, discuss, cite to, or quote from the PSI." The SPD, and the State as an amicus, asks this court to rule that parties who are entitled "to have and keep a copy" of a PSI need not ask any court's permission to cite to or quote from a PSI in an appellate brief, subject to the confidentiality requirement of Wis. Stat. § 972.15(4)— (4m).
¶ 10. On June 13, 2012, we accepted the case for full briefing and argument.
II. STANDARD OF REVIEW
¶ 11. The first question presented is whether this court should issue a supervisory writ vacating the court of appeals' order. As the court of original jurisdiction, we have discretion to issue a supervisory writ. See Wis. Const. art. VII, § 3; Wis. Stat. § 751.07; State ex rel. Dressler v. Circuit Court for Racine Cnty., 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991). However, a supervisory writ is a drastic and extraordinary remedy that will not be granted unless the petition meets "stringent prerequisites." State ex rel. Lynch v. County Court, Branch III, 82 Wis. 2d 454, 459, 262 N.W.2d 773 (1978).
*743 ¶ 12. The second question presented is whether parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need any court's permission to reference a PSI in an appellate brief. This question requires us to interpret § 972.15. Interpretation of a statute is a question oí[1] law that this court reviews de novo while benefitting from the analyses of the lower courts. See State v. Ziegler, 2012 WI 73, ¶ 37, 342 Wis. 2d 256, 816 N.W.2d 238.
III. ANALYSIS
A. Supervisory Writ
¶ 13. We conclude that the SPD has not met the requirements for issuance of a supervisory writ. However, pursuant to our superintending and administrative authority, we nonetheless consider the second question presented.
¶ 14. "A supervisory writ is an extraordinary remedy to prevent a court from refusing to perform, or from violating, its plain duty." Madison Metro. Sch. Dist. v. Circuit Court for Dane Cnty., 2011 WI 72, ¶ 33, 336 Wis. 2d 95, 800 N.W.2d 442 (citing Dressler; 163 Wis. 2d at 630). A petition for a supervisory writ will not be issued unless:
(1) an appeal is an utterly inadequate remedy; (2) the duty of the [] court is plain; (3) its refusal to act within the line of such duty or its intent to act in violation of such duty is clear; (4) the results of the [] court's action must not only be prejudicial but must involve extraordinary hardship; and, (5) the request for relief was made promptly and speedily.
Id., ¶ 77 (quoting Dressler, 163 Wis. 2d at 630).
*744 ¶ 15. The parties agree on the first prong, that an appeal would be an inadequate remedy, and on the fifth prong, that the SPD's request for relief was made promptly and speedily. The SPD argues that under Wis. Stat. § 972.15, the court of appeals had a plain duty to accept Buchanan's brief as filed and its refusal to accept Buchanan's brief was clear. Further, the SPD argues that requiring it to seek circuit court permission to cite a PSI would be an extraordinary hardship because it may violate a defendant's due process right to appeal and would be too costly for the SPD. The court of appeals argues that it did not violate a plain duty when it ordered Buchanan to seek circuit court permission to cite his PSI. The court of appeals further argues that it would not be an extraordinary hardship for the SPD to seek circuit court permission to cite a PSI.
¶ 16. The standard for "extraordinary hardship" has been met in few cases. For example, in Madison Metropolitan, after a school district expelled a student, the circuit court issued an order requiring the district to provide appropriate educational resources to the student. 336 Wis. 2d 95, ¶ 22. This court affirmed the court of appeals' grant of a supervisory writ, finding that the "extraordinary hardship" prong had been met:
[T]he potential extraordinary harm to the District is inherent in the specter of interference by the courts. The District would be faced not only with the costs of any continued educational services ordered by the circuit court but also the prospect that such costs would interfere with the District's performance of its duties in lawfully expelling students who endanger the health and safety of others.
Id., ¶ 89. In Lynch, in response to a criminal defendant's demand for all exculpatory material in the *745 district attorney's possession at the preliminary hearing stage, the circuit court ordered the district attorney to make its case files available for defense counsel's inspection. 82 Wis. 2d at 458-59. The State argued that the circuit court's order would cause an extraordinary hardship because it would, inter alia, "unjustifiably delay" the case below and would "create a precedent which is likely to hinder the efforts of the prosecution in future cases." Id. at 462-63. We agreed that the extraordinary hardship test had been met:
Inspection of the state's files by the defense at this early stage, where there has been no showing of particularized need for inspection, can serve only as an opportunity for generalized, unrestricted discovery, rather than as a device for the constitutionally mandated disclosure of specific exculpatory material. Such discovery. .. will unjustifiably delay the administration of justice.
Id. at 466 (footnote omitted).
¶ 17. In the case before the court, even assuming the delay and extra cost of obtaining circuit court permission would cause an "extraordinary hardship," we conclude that the SPD has not met the criteria to grant a supervisory writ. After Parent, there remained a legitimate question of whether parties to a merit appeal needed circuit court permission to cite a PSI in their appellate briefs. When Buchanan filed his brief including information from his PSI, it was unclear whether the court of appeals had a plain duty to accept the brief as filed. Part III.B.l. of this opinion discusses that question.
¶ 18. We nonetheless conclude that it is appropriate for this court to exercise our superintending and administrative authority to clarify the procedure that a *746 defendant's counsel and the State's representative should follow to cite a PSI in their appellate briefs. Superintending and administrative authority allows this court to implement "procedural rules not specifically required by the Constitution or the [statute]." State v. Ernst, 2005 WI 107, ¶ 19, 283 Wis. 2d 300, 699 N.W.2d 92 (quoting United States v. Hasting, 461 U.S. 499, 505 (1983)). "Such rules are designed to implement a remedy for a violation of recognized rights." Id. The Wisconsin Constitution provides that "[t]he supreme court shall have superintending and administrative authority over all courts." Wis. Const, art. VII, § 3. This power "is indefinite in character, unsupplied with means and instrumentalities, and limited only by the necessities of justice." Ernst, 283 Wis. 2d 300, ¶ 19.
B. Citation to a PSI in an Appellate Brief
1. Interpretation of Wis. Stat. § 972.15
¶ 19. Pursuant to our superintending and administrative authority, we conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief. Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal. Extreme caution should be undertaken when referencing sensitive information.[4]
¶ 20. The SPD, joined by the State as an amicus, argues that court permission is not needed before *747 defense counsel or the State may cite to a PSI in an appellate brief. The SPD argues that requiring circuit court permission may violate a defendant's rights, since a defendant has a due process right to be sentenced upon accurate information, see State v. Tiepelman, 2006 WI 66, ¶ 9, 291 Wis. 2d 179, 717 N.W.2d 1, a right to disclosure of all information in the PSI, see Gardner v. Florida, 430 U.S. 349, 361-62 (1977), and a right to challenge any statement in the PSI that he or she believes to be inaccurate or incomplete, see State v. Greve, 2004 WI 69, ¶ 11, 272 Wis. 2d 444, 681 N.W.2d 479. The SPD further argues that Wis. Stat. § 972.15(4m), which authorizes the district attorney and the defendant's attorney "to have and keep a copy" of the PSI, should be interpreted to authorize those parties to use, cite, and quote the PSI in an appellate brief without court authorization. The SPD additionally argues that Parent is limited to no-merit appeals.
¶ 21. The court of appeals concluded that the circuit court is the appropriate tribunal to grant authorization to cite a PSI in an appellate brief. It determined that under Wis. Stat. § 972.15(4), after sentencing, the PSI "shall be confidential and shall not be made available to any person except upon specific authorization of the court." Further, under Wis. Stat. § 967.02(7), " 'Court' means the circuit court unless otherwise indicated." The court of appeals reasons that though Wis. Stat. § 972.15(4m) entitles the district attorney and defense counsel to "have and keep a copy" of the PSI, it does not authorize them to use, cite, or quote the PSI.
¶ 22. The resolution of this question requires interpretation of Wis. Stat. § 972.15, which states in relevant part:
*748 (3) The judge may conceal the identity of any person who provided information in the presentence investigation report.
(4) Except as provided in sub. (4m), (5), or (6), after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.
(4m) The district attorney and the defendant's attorney are entitled to have and keep a copy of the presentence investigation report. If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report. A district attorney or defendant's attorney who receives a copy of the report shall keep it confidential. A defendant who views the contents of a presentence investigation report shall keep the information in the report confidential.
Under § 972.15(4), there is a general rule that after sentencing, the PSI is confidential and parties seeking access must seek "specific authorization of the court." However, certain parties are exempted from this general rule under § 972.15(4m), including "[t]he district attorney and the defendant's attorney." These parties are entitled "to have and keep a copy" of the PSI, but the PSI must be kept "confidential."
¶ 23. " 'The purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect.'" Ziegler, 342 Wis. 2d 256, ¶ 42 (quoting Heritage Farms, Inc. v. Market Ins. Co., 2012 WI 26, ¶ 26, 339 Wis. 2d 125, 810 N.W.2d 465). Statutory interpretation "begins with the language of the statute." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Except for technical or specially- *749 defined words, statutory language is given its common, ordinary meaning. Id. Statutory language is interpreted in the context in which it is used, not in isolation but as part of a whole. Id., ¶ 46. We must construe statutory language reasonably; an unreasonable interpretation is one that yields absurd results or one that contravenes the statute's manifest purpose. Id.
¶ 24. We conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief, subject to restrictions outlined in Part III.B.2.[5]
¶ 25. While we agree with the court of appeals that the circuit court is a "gatekeeper" of the PSI, the statutory language does not require parties' attorneys to obtain circuit court permission before referencing a PSI in an appellate brief. The court of appeals determined that under § 972.15(4), the circuit court alone *750 may authorize access to the PSI. It is true that Wis. Stat. § 967.02(7) defines "court" as the circuit court and Wis. Stat. § 972.15 otherwise requires court authorization to release the PSI. However, this determination does not fully consider that the defendant's attorney and the State are already entitled "to have and keep a copy" of the PSI under Wis. Stat. § 972.15(4m).
¶ 26. The court of appeals also turns to the fact that the statute does not specifically authorize those who are entitled "to have and keep a copy" of the PSI to actually "use" it. We disagree with the court of appeals' reasoning. The court of appeals points to Wis. Stat. § 972.15(5) and (6), which authorize "use" of the PSI for the Department of Corrections (DOC) and for parties involved in Chapter 980 proceedings.[6] It reasons that because the statute authorizes "use" in those instances, court permission must be received in order for those who are entitled "to have and keep a copy" of the PSI to "use" it. However, the DOC and the parties to a subsequent civil proceeding are in a different position than counsel representing parties to the underlying criminal matter for which the PSI was created. Unlike the attorneys, who under § 972.15(4m) are entitled "to have and keep a copy" of the PSI, those referenced in § 972.15(5) and (6) would not otherwise have access to the PSI absent that language, nor would they be parties to an appeal of the underlying criminal matter. The attorneys in the criminal matter, who are granted *751 authority "to have and keep a copy" of the PSI in the criminal matter, have been granted that authority because they may need to use that PSI in the appeal.
¶ 27. Moreover, a practical example of how the statute is interpreted proves helpful. Under § 972.15(1), "the court may order" a PSI even though the statute does not specifically say that the court may "use" the PSI for the purpose of sentencing a defendant. Nonetheless, the circuit court properly "uses" the PSI when sentencing the defendant.
¶ 28. Furthermore, under Wis. Stat. § 808.075, once a case is appealed, the circuit court's power is limited. Wis. Stat. § 808.075(4)(g). For example, it does not retain power to redact portions of the PSI.[7] The parties would have to petition the court of appeals under § 808.075(5) to remand the case to the circuit court. If the petition for remand was granted, then the court of appeals would have to send the case record back to the circuit court. See § 808.075(6). Further, there is no guarantee that upon remand, the same circuit court judge will hear the motion to reference the PSI. There is no quantifiable benefit if this procedure is required.
¶ 29. Our interpretation of Wis. Stat. § 972.15 is not in conflict with Parent, as that case was centered around access to the PSI, not use of the PSI. We conclude that the rule of Parent is confined to no-merit *752 appeals.[8] In Parent, this court held that in a no-merit appeal, the defendant is entitled to view a copy of the PSI, subject to redaction of identifying information of informants and to the requirement that the defendant keep the information in the PSI confidential. 298 Wis. 2d 63, ¶ 50. Further, we held that the attorney general's office, which is typically not involved in no-merit appeals, must make its request to obtain a copy and disclose contents of the PSI to the circuit court. Id.
¶ 30. In that case, Michael Parent (Parent) pled guilty to several charges, and the circuit court ordered a PSI. Id., ¶ 8. The circuit court sentenced Parent to a term of imprisonment consisting of 11 years of initial confinement and 11 years of extended supervision. Id. Parent's counsel filed a no-merit notice of appeal and *753 requested a copy of Parent's PSI. Id., ¶ 9. The circuit court denied Parent access to his PSI, stating that Parent was trying to "draw attention to himself' and that providing him with a copy of the PSI would "only encourage Mr. Parent to raise issues that are without merit." Id., ¶ 11. Parent appealed, and the court of appeals denied Parent's motion to access his PSI. Id., ¶ 12. Parent's appellate counsel petitioned this court for a supervisory writ, which we granted. Id., ¶ 13. We remanded to the court of appeals, and the court of appeals certified the case back to this court:
[T]he court of appeals certified the case to this court to clarify the procedure and factors to be considered when deciding whether a defendant should receive a copy of a PSI report to facilitate his or her response to a no-merit report, and to decide whether motions filed by the State seeking access to a PSI report and disclosure of its contents in the State's brief should be filed in the court of appeals or in [the] circuit court.
Id., ¶ 14.
¶ 31. At the time Parent's counsel requested a copy of the PSI, Wis. Stat. § 972.15(4m) did not exist. Thus, the statute required Parent's counsel to obtain circuit court authorization to access Parent's PSI. See Wis. Stat. § 972.15(4) (2003-04). In the course of the litigation, the legislature added subsec. (4m) to § 972.15, which rendered moot the question of whether Parent and Parent's counsel were entitled to view and retain respectively, a copy of the PSI. See 2005 Wis. Act 311, § 2.
¶ 32. When reviewing the newly created Wis. Stat. § 972.15(4m), the court concluded that a defendant is entitled to view the PSI and the circuit court may not altogether deny access to the PSI. Parent, 298 Wis. 2d 63, ¶ 34. This right is subject to the circuit court's discretion under § 972.15(3) to conceal the iden *754 tity of any person who provided information in the PSI report and the requirement that the defendant keep the information in the PSI confidential. Id. For the purposes of § 972.15(4m), Parent concluded that a defendant in a no-merit appeal is more like an "unrepresented" defendant than a represented defendant. Id., ¶ 41. Under § 972.15(4m), an unrepresented defendant "is entitled to view the [PSI] but may not keep a copy of the report." Id., ¶ 43.
¶ 33. The next question this court considered was whether the State's motion seeking access to and disclosure of the PSI should go to the circuit court or the court of appeals. Id., ¶ 47. The framing of this issue presupposed that the attorney general did not already have access to the PSI, which is logical in a no-merit case where (1) subsec. (4m) was not in existence during the underlying criminal case, so the State could not "have and keep a copy" of the PSI, and (2) the State may not become involved unless and until the court of appeals determines that the defendant's appeal has merit. See Wis. Stat. § (Rule) 809.32 (procedure for no-merit reports); Tillman, 281 Wis. 2d 157, ¶ 17; Cleghorn v. State, 55 Wis. 2d 466, 472, 198 N.W.2d 577 (1972) (stating that if the appeals court finds merit in the defendant's claim, it orders that the case "proceed with the appeal"). Parent determined that for the purposes of a no-merit appeal, the attorney general "should submit any requests to obtain a copy of the PSI report and to disclose its contents in the State's brief to the circuit court." 298 Wis. 2d 63, ¶ 49.
¶ 34. In Parent, neither party had access to the PSI. The question presented in Parent was how the parties to a no-merit appeal can access the PSI. Id., ¶ 14. In this case, there is no question of access; the plain language of Wis. Stat. § 972.15(4m) authorizes the *755 defendant's attorney and the district attorney to "have and keep a copy" of the PSI. The question presented in this case is whether parties who are already authorized by § 972.15(4m) "to have and keep a copy" of the PSI must obtain court permission to use information contained in the PSI in their appellate briefs. Therefore, Parent is not controlling on the issue now before this court because it concerned access to the PSI in a no-merit appeal. We conclude that the rule of Parent is limited to no-merit appeals.
¶ 35. As a practical matter, even if counsel were required to engage in motion practice before the circuit court or the court of appeals seeking permission to reference information contained in a PSI, that motion would provide little, if any, opportunity for the court to evaluate the confidentiality of the information or the sensitive contents contained in a PSI. The motion itself is typically quite broad, and requests permission, as Buchanan's counsel did here, "to cite the portions of the PSI relevant to the defendant's appeal." The court's response is likewise quite broad, as it was here, giving permission to "quote sparingly" from the PSI. By necessity, the attorney's motion and the court's response must lack detail, otherwise the sensitive or confidential information would become a public record through the motion and the decision of the court. Thus, requiring court approval provides little, if any, guarantee that information will be treated any differently than if no motion were required.
2. Confidentiality
¶ 36. We conclude that parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to *756 reference a PSI in an appellate brief. Parties may-reference information from the PSI that does not reveal confidential information and that is relevant to the appeal.[9] We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.
¶ 37. The SPD and the State acknowledge that their ability to use the PSI is subject to the requirement that the PSI be kept confidential, see Wis. Stat. § 972.15(4) and (4m). They argue that this requirement is met by compliance with Wis. Stat. § (Rule) 809.81(8) (confidential documents "shall refer to individuals only by their first name and the first initial of their last name").
¶ 38. The court of appeals concluded that confidentiality for the purposes of Wis. Stat. § 972.15 is broader than using a person's first name and the first initial of their last name. Instead, the court of appeals reasoned that the drafting comments to § 972.15 suggest that confidentiality means limiting access to the PSI and requiring circuit court permission to access the PSI after sentencing.
¶ 39. We agree with the SPD and the State that the confidentiality requirement of Wis. Stat. § 972.15 *757 requires compliance with Wis. Stat. § (Rule) 809.81(8) ("Every notice of appeal or other document that is filed in the court and that is required by law to be confidential shall refer to individuals only by their first name and the first initial of their last name."). See also Wis. Stat. § (Rule) 809.19(1) (g) and (2) (requiring reference to individuals by first name and last initial in appellate briefs when record is confidential). Parties should be mindful that a PSI may also contain information that must be kept confidential for other reasons, for example medical information, see Wis. Stat. § 146.82 ("All patient health care records shall remain confidential"), information from child welfare and termination of parental rights (TPR) proceedings, see Wis. Stat. §§ 48.78, 48.396(2) (dr), and information from juvenile delinquency proceedings, see Wis. Stat. §§ 938.78, 938.396(2g)(dr). These examples are by no means exhaustive regarding the treatment or forms of confidential information that may be contained in a PSI. In addition, because of the sensitive nature of information contained in a PSI, counsel should be prudent when using any information from a PSI regardless of whether they are statutorily-required to so measure their actions.
¶ 40. Our conclusion that confidentiality under Wis. Stat. § 972.15 requires compliance with Wis. Stat. § (Rule) 809.81 is consistent with how confidentiality is interpreted in other areas of the law, for example TPR and juvenile cases. Under Wis. Stat. §§ 48.78 and 938.78, there is a general rule, subject to exceptions, that documents pertaining to individuals receiving care or in custody under Chapters 48 or 938 are confidential. In appellate briefs, attorneys maintain confidentiality by compliance with Wis. Stat. § (Rule) 809.19(1):
Section 809.19(l)(g) requires the appellant's brief to refer to 'an individual by first name and last initial *758 rather than by his or her full name when the record is required by law to be confidential.' Confidential cases generally involve juveniles (e.g. cases waiving juveniles into adult court or terminating parental rights). See Wis. Stat. §§ 48.78, 938.78.
Michael S. Heffernan, Appellate Practice and Procedure in Wisconsin, Ch. 11, at 16 (5th ed. 2011). Our interpretation of confidentiality in Wis. Stat. § 972.15(4) and (4m) is consistent with the confidentiality rules for TPR and juvenile cases.
¶ 41. We disagree with the court of appeals' determination that a PSI is confidential because it is not a public record and access to the PSI is limited. A PSI is not a public document. However, that alone does not end the analysis. The information contained in a PSI may be critical to adequately forward or respond to an issue on appeal. Such a document may serve a legitimate purpose and be admissible in litigation, yet not be a public record. While a PSI may not be a public record and may contain confidential and sensitive information, that alone cannot render it unreachable in the context of appellate litigation. In fact, information in the PSI may be seminal to the appeal. The court of appeals determined that the official comments to the statute support its interpretation.[10] We disagree. Al *759 though those comments mention specific authorization to access the PSI, the comments were written before Wis. Stat. § 972.15(4m) was in existence. The statute answers the question of access; § 972.15(4m) allows the defendant's attorney and the State "to have and keep a copy" of the PSI. We find further support for our interpretation — that confidentiality means redacting information rather than limiting access — from analogous case law prioritizing access to documents for parties to the case over confidentiality. The confidentiality of a record does not always trump access to and use of the record.[11]
¶ 42. To be clear, our decision does not grant parties unfettered discretion to reference any and all portions of a PSI; the parties may reference information from a PSI only if it is relevant to an issue on appeal. See State v. Comstock, 168 Wis. 2d 915, 923, 485 N.W.2d 354 (1992) ("[T]he dissent admits that it recites numerous facts drawn from the presentence investigation report. We disapprove of this practice.") (citation omitted); State v. McCallum, 208 Wis. 2d 463, 480 n.3, 561 N.W.2d 707 (1997) ("McCallum's motion to strike references to the defendant's presentence investigation *760 report from the State's brief is granted." (citing Comstock, 168 Wis. 2d at 923-25)). This test is narrower than the general test of relevancy under Wis. Stat. § 904.01 because information may be relevant to the circuit court proceedings but not relevant to an issue on appeal, and therefore inappropriate to cite in an appellate brief.
¶ 43. We caution practitioners to exercise sound discretion when citing information from a PSI. A PSI may contain very sensitive information. See Wis. Admin. Code §§ DOC 328.27, 328.29 (Dec. 2006) (stating that PSI should include criminal record, correctional institutional record, victim's statement, family information, personal history, and identity of sources of information). Indeed, with electronic access to filed briefs, counsel must be even more vigilant with respect to how best to cite sensitive information. Clearly it is much more difficult to remove information from the public domain once it has been included in an appellate brief. Counsel and circuit courts must be even more aware of the responsibility to redact a PSI at the trial court level before the case gets to the appellate level. The circuit court has the significant power to "conceal the identity of any person who provided information" in the PSI. Wis. Stat. § 972.15(3). Certainly, if appellate counsel, in the process of writing an appellate brief, is unsure whether information from a PSI can be included, he or she can ask the court of appeals for guidance or can file the brief under seal[12] until the court of appeals can *761 decide whether the brief complies with rules of confidentiality. Opposing counsel could also move to strike inappropriate parts of the appellate brief. See McCallum, 208 Wis. 2d at 480 n.3.[13]
IV CONCLUSION
¶ 44. We conclude that the SPD has not met the requirements for issuance of a supervisory writ. However, pursuant to our superintending and administrative authority, we conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief. Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal. We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.
*762 By the Court. — Rights declared; relief granted, case proceeds accordingly at the court of appeals.

 State v. Buchanan, 2011AP1997-CR, unpublished order (Wis. Ct. App. Feb. 13, 2012).

 Throughout the opinion, "reference" includes use, citation to, and quotation from the PSI.

 All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

 A PSI should be quoted as sparingly as possible, and counsel must exercise sound discretion to avoid compromising sensitive information. On occasion, appellate counsel may need guidance from the court of appeals.

 As a practical matter, this holding applies whether a defendant maintains his or her trial counsel, retains new appellate counsel, or is appointed appellate counsel through the SPD on appeal. Similarly, this rule applies whether the district attorney maintains responsibility or the attorney general assumes responsibility of the case on appeal. As a general rule, appellate counsel has access to trial counsel's file in order to appropriately appeal or respond to the appeal. Once the attorney general takes over the appeal from the district attorney, the district attorney "shall transfer all necessary files and papers relating to the case to the attorney general." Wis. Stat. § 752.31(4); Wisconsin Department of Justice, Appellate Practice for Wisconsin Prosecutors 10 (May 2012) (discussing transfer of files between district attorney and attorney general). Similarly, the defendant's appellate counsel obtains the defendant's case file from trial counsel. See The Wisconsin State Public Defender's Office SPD Appellate Division, Comprehensive Checklist Guide, available at http://www.wisspd.org/htm/ATPracGuides/Appellate.asp (appellate counsel should secure case materials from trial counsel within one week of appointment).

 Wisconsin Stat. § 972.15(5) authorizes the DOC to "use" the PSI for correctional programming, treatment planning, and similar purposes. The DOC may also authorize access to a PSI to third parties for research. Under § 972.15(6), various parties can "use[]" the PSI in a Chapter 980 proceeding. No further court permission is needed for them to "use" the PSI even though they had no standing in the criminal matter for which the PSI was created.

 The circuit court and trial counsel should exercise great caution when the case is before the circuit court to ensure that the PSI is properly redacted before it goes up on appeal. Under Wis. Stat. § 972.15(3), before sentencing, the circuit court judge already has the power to "conceal the identity of any person who provided information" in the PSI. Parties must also comply with various rules of confidentiality, including Wis. Stat. § (Rule) 809.81(8) (refer to individuals in confidential documents by first name and first initial of last name).

 The no-merit appeal procedure seeks to reconcile a defendant's right to appeal and right to effective assistance of counsel, with an attorney's duty to avoid making frivolous arguments. State v. Parent, 2006 WI 132, ¶¶ 17-19, 298 Wis. 2d 63, 725 N.W.2d 915. If a defendant wishes to appeal a conviction and counsel does not believe there is any merit to the defendant's arguments, counsel must follow the procedure set forth in Wis. Stat. § (Rule) 809.32 and State v. Tillman, 2005 WI App 71, 281 Wis. 2d 157, 696 N.W.2d 574:
First, appointed counsel examines the record for potential appellate issues of arguable merit. See Rule 809.32(l)(a) ("The no merit report shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit."). Next, the defendant has the opportunity to respond to the no merit report and raise additional issues. Rule 809.32(l)(e). Next, as contemplated by Anders, the appellate court not only examines the no merit report but also conducts its own scrutiny of the record to see if there are any potential appellate issues with arguable merit. Finally, the court's no merit decision sets forth the potential appellate issues and explains in turn why each has no arguable merit.
Id., ¶ 17 (citing Anders v. California, 386 U.S. 738, 744-45 (1967)).

 Our holding applies only to parties who are entitled "to have and keep a copy" of the PSI pursuant to Wis. Stat. § 972.15(4m) and reserves for another day the procedure a pro se defendant should follow, as those facts are not before us. Of note, however, is that a defendant is entitled to view the PSI, but is not entitled "to have and keep a copy." Any information from a PSI that a pro se defendant includes in an appellate brief will be from memory, which as a practical matter, likely limits the amount of detailed information the defendant could include.

 The official comment to Wis. Stat. § 972.15(4) states: "The information in such reports is often unverified and would in many cases, even if true, cause irreparable harm to informants or the defendant. The information may, of course, upon specific authorization of the court, be made available to any agencies, courts or individuals which have a legitimate need for it." See § 63, ch. 255, Laws of 1969. The same Committee Note stated that the confidentiality requirement of § 972.15 was consistent with ABA standards "that presentence reports should not be public records." Id.; Am. Bar Ass'n Project on Minimum Standards for Criminal Justice, Standards Relating *759 to Sentencing Alternatives and Procedures (Approved Draft, 1968), ABA Advisory Committee on Sentencing and Review, § 4.3, at 210-11 (stating that the PSI should not be a public record, but should be available to the parties). There is a distinction between a document being a public record and a document being available for litigation.

 For example, the court of appeals has held that Wis. Stat. § 967.06, allowing a public defender to access "any transcript or court record," gave the public defender access to a juvenile court record despite the rule in Wis. Stat. § 48.396, which provided that the record in juvenile cases is closed to anyone without judicial permission. State ex rel. S.M.O. v. Resheske, 110 Wis. 2d 447, 454, 329 N.W.2d 275 (Ct. App. 1982).

 Court records are open for public inspection. See Wis. Stat. § 59.20(3) (Every "clerk of the circuit court.. . shall open to the examination of any person all books and papers required to be kept in his or her office"). "Public records may be sealed (1) if a statute authorizes the sealing of otherwise public records, (2) if disclosure infringes a constitutional right or (3) if the *761 administration of justice requires it." City of Madison v. Appeals Comm. of the Madison Human Servs. Comm'n, 122 Wis. 2d 488, 491, 361 N.W.2d 734 (Ct. App. 1984) (citing State ex rel. Bilder v. Twp. of Delavan, 112 Wis. 2d 539, 554-56, 334 N.W.2d 252 (1983)).

 The dissent's proposed procedure could provide further guidance to parties and lower courts. The dissent's proposed procedure, however, originates from legislation that is currently before the Wisconsin Legislative Reference Bureau. The proposed procedure is not otherwise grounded on any current statute. The legislature has provided rules and procedures that are applicable to the dissemination of PSIs in Wis. Stat. § 972.15, and it is within the province of the legislature to determine if procedural change is appropriate. Apparently that opportunity may occur in the near future. The majority declines to usurp the role of the legislature by appearing to enact legislation through a court opinion.

 The term "parties" in the majority's analysis appears to refer to defense counsel and counsel for the State. See majority op., ¶ 20. However, it is the State and the defendant that normally are considered to be the parties in a criminal action *763 —not defense counsel and counsel for the State. The appearance that the majority means counsel when it uses the term "parties" arises from its reference to "have and keep." Wisconsin Stat. § 972.15(4m) allows the district attorney and the defendant's attorney to have and keep a copy of the PSI. A defendant is allowed only to view the PSI but not keep a copy.