# SUPREME COURT OF WISCONSIN

NOTICE

**This order is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP1736-W

State of Wisconsin ex rel. Nancy Kormanik,

      Petitioner,

  v.

William Brash, in his official capacity as Chief Judge of the Court of Appeals,

      Respondent,

Wisconsin Elections Commission, Democratic National Committee, and Rise, Inc.,

      Interested Parties.

**FILED**

**OCT 26, 2022**

Sheila T. Reiff
Clerk of Supreme Court
Madison, WI

The Court entered the following order on this date:

¶1  Nancy Kormanik has filed a petition for a supervisory writ, claiming that petitions for leave to appeal filed by the Democratic National Committee ("DNC") and Rise, Inc. ("Rise") in Kormanik v. Wisconsin Elections Commission, Case Nos. 2022AP1720-LV and 2022AP1727-LV, are pending in the wrong appellate district. Because we agree with Kormanik, we grant her petition for a

supervisory writ and vacate the appellate order transferring venue from District II to District IV.

¶2 This case arose out of a lawsuit filed by Kormanik in Waukesha County circuit court against the Wisconsin Elections Commission ("WEC"). Generally speaking, the complaint alleged that two documents provided by the WEC to municipal clerks erroneously interpreted certain election statutes as permitting a clerk to "spoil" an absentee ballot at an elector's request. The complaint asked the circuit court to: (1) declare that municipal clerks are prohibited from "spoiling" a previously completed and submitted absentee ballot; (2) declare that any WEC publication that states otherwise shall be rescinded or otherwise removed from availability to the public; (3) declare that the WEC failed to promulgate the documents at issue as administrative rules; and (4) temporarily and permanently require the WEC to cease offering incorrect guidance and to promptly issue corrected guidance.

¶3 Rise and the DNC moved to intervene in the matter. The circuit court granted their motions.

¶4 Kormanik moved the circuit court to issue a temporary injunction directing the WEC to withdraw the challenged documents and to cease providing further guidance on the subject. On Friday, October 7, 2022, after a hearing, the circuit court granted Kormanik's motion and thereby required the WEC to withdraw the challenged documents and all similar publications, as well as to

2

notify all municipal clerks and local elections officials of their withdrawal, by 7:00 p.m. on October 10, 2022. The WEC moved the court to stay the temporary injunction, which the circuit court denied.

¶5 Later on October 7, 2022, the DNC and Rise filed separate petitions for leave to appeal and requests for a stay of the circuit court's temporary injunction pending appeal. The DNC and Rise directed their petitions and stay requests to appellate District IV.

¶6 The court of appeals, by Chief Judge William Brash, ordered the parties to file letter memoranda by Monday, October 10, 2022, regarding the proper appellate district to consider the petitions and stay requests.

¶7 The letter memoranda subsequently filed by the parties addressed the following statutes (2019-20):

**Wis. Stat. § 752.21**

**(1)** Except as provided in sub. (2), a judgment or order appealed to the court of appeals shall be heard in the court of appeals district which contains the court from which the judgment or order is appealed.

**(2)** A judgment or order appealed from an action venued in a county designated by the plaintiff to the action as provided under s. 801.50(3)(a) shall be heard in a court of appeals district selected by the appellant but the court of appeals district may not be the court of appeals district that contains the court from which the judgment or order is appealed.

3

**Wis. Stat. § 801.50(3)(a) and (b)**

**(a)** Except as provided in pars. (b) and (c), all actions in which the sole defendant is the state, any state board or commission, or any state officer, employee, or agent in an official capacity shall be venued in the county designated by the plaintiff unless another venue is specifically authorized by law.

**(b)** All actions relating to the validity or [invalidity] of a rule or guidance document shall be venued as provided in s. 227.40(1).

**Wis. Stat. § 227.40(1)**

**(1)** Except as provided in sub. (2), the exclusive means of judicial review of the validity of a rule or guidance document shall be an action for declaratory judgment as to the validity of the rule or guidance document brought in the circuit court for the county where the party asserting the invalidity of the rule or guidance document resides or has its principal place of business or, if that party is a nonresident or does not have its principal place of business in this state, in the circuit court for the county where the dispute arose. The officer or other agency whose rule or guidance document is involved shall be the party defendant. . . . The court shall render a declaratory judgment in the action only when it appears . . . that the rule or guidance document or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights and privileges of the plaintiff. A declaratory judgment may be rendered whether or not the plaintiff has first requested the agency to pass upon the validity of the rule or guidance document in question.

¶8 In its legal memorandum to Chief Judge Brash, the DNC argued that according to precedent——primarily, State ex rel. DNR v. Wisconsin Court of Appeals, District IV, 2018 WI 25, 380 Wis. 2d 354, 909 N.W.2d 114——Kormanik's complaint fell within the

4

scope of § 801.50(3)(a), and therefore triggered the appellate venue-shifting provision of § 752.21(2). The DNC argued that because, under DNR, a plaintiff still "designates" a circuit court venue under § 801.50(3)(a) even though the plaintiff is required by another statute to lay venue in that particular county, Kormanik should also be deemed to have designated venue under § 801.50(3)(a)——thereby triggering the venue-shifting provision of § 752.21(2)——even though her complaint cited § 801.50(3)(b). Finally, the DNC argued that Kormanik's complaint fell within the scope of § 801.50(3)(a) because her claim goes beyond that contemplated by § 801.50(3)(b) in that it is not restricted to a § 227.40(1) action relating to the validity or invalidity of a guidance document, but additionally seeks injunctive relief.

¶9 Like the DNC, Rise argued in its letter memorandum to Chief Judge Brash that Kormanik's complaint is governed by Wis. Stat. § 801.50(3)(a) because her complaint was not truly a challenge to the validity of a guidance document, but instead was one seeking a declaratory judgment regarding various election statutes.

¶10 In her letter response to Chief Judge Brash's order, Kormanik argued that her case was venued as a matter of law under Wis. Stat. § 801.50(3)(b) because it is a declaratory judgment action under § 227.40(1) relating to the validity of a guidance document by the WEC. Because the case was venued under

5

§ 801.50(3)(b), Kormanik argued, any appeal from that action had to be venued in the district encompassing the Waukesha County circuit court pursuant to § 752.21(1).

¶11 On the same day that the parties filed their letter memoranda on appellate venue, Chief Judge Brash entered an order that largely agreed with the DNC's position. Chief Judge Brash held that, under the reasoning of DNR, even though Wis. Stat. § 801.50(3)(b) required Kormanik to designate venue in the circuit court in accordance with § 227.40(1), she was also designating venue within the meaning of § 801.50(3)(a). Thus, the venue-shifting provision of § 752.21(2) applied, such that venue was appropriate in the appellate district selected by the DNC and Rise——District IV.[1]

¶12 Later in the day on October 10, 2022, District IV issued an order in both leave matters. Because the circuit court's injunction order required that the WEC comply with it by 7:00 p.m. that evening, the court of appeals granted a temporary stay of the circuit court's injunction pending the court of appeals' decision on whether to grant leave to appeal.

---

[1] We note that Chief Judge Brash's order was captioned as applying only to the appeal number associated with the DNC's petition for leave to appeal, Case No. 2022AP1720-LV. The order self-evidently also applies to the appeal number associated with Rise's petition for leave to appeal, Case No. 2022AP1727-LV.

6

¶13 The following day, October 11, 2022, Kormanik filed a petition for a supervisory writ in this court.[2] As she did below, Kormanik argued that Wis. Stat. § 801.50(3)(b) controlled venue in the circuit court because she filed a declaratory judgment action under § 227.40(1) that related to the validity or invalidity of a rule or guidance document. Because venue was proper under § 801.50(3)(b), Kormanik argued, this case cannot also fall within § 801.50(3)(a). This is so because § 801.50 itself describes subsection (3)(b) as an exception to subsection (3)(a), and the court must give that exception meaning. She asked this court to stay the proceedings in the court of appeals during the pendency of her writ petition, and to order the leave petitions filed by the DNC and Rise to be returned to District II.[3]

¶14 On October 12, 2022, this court ordered responses to Kormanik's writ petition. It also directed the court of appeals

---

[2] The caption in this case designates the Court of Appeals, Districts II and IV as respondents. It also designates the Wisconsin Elections Commission as defendant-respondent and the Democratic National Committee and Rise, Inc. as intervenor-defendant-respondents. These designations are in error. The clerk of this court is directed to amend the caption to remove the Court of Appeals, Districts II and IV as respondents; to designate Judge William Brash, in his official capacity as Chief Judge of the Court of Appeals, as the respondent; and to designate the Wisconsin Elections Commission, the Democratic National Committee, and Rise, Inc. as other interested parties. We use this corrected caption in this order.

[3] Kormanik did not ask this court to vacate the stay of the circuit court injunction order issued by District IV. Because we have not been requested to address the stay, we do not address it.

7

to take no further action in Case Nos. 2022AP1720-LV and 2022AP1727-LV until further order of this court.

¶15 In his response, Chief Judge Brash sets forth two primary reasons why Kormanik's writ petition should be denied. First, he argues that he did not violate any plain legal duty because his venue order was correct under the applicable statutes and the reasoning of DNR. He asserts that in DNR, this court concluded that both Wis. Stat. §§ 801.50(3)(a) and 227.53(1)(a)3. could apply, such that even when § 227.53(1)(a)3. required the plaintiff to venue the circuit court action in the plaintiff's county of residence, the plaintiff was still designating venue within the meaning of § 801.50(3)(a). Here, Chief Judge Brash maintains that § 801.50(3)(b) required Kormanik to venue her complaint in Waukesha County under § 227.40(1), but as in DNR, that requirement does not mean that Kormanik did not also designate venue under subsection (3)(a). Second, Chief Judge Brash argues that Kormanik forfeited any arguments based on DNR because she did not raise those arguments in her letter memorandum to him regarding appellate venue.

¶16 DNC and Rise filed responses that largely repeat their arguments made in their letter memoranda to Chief Judge Brash.

¶17 Kormanik's writ petition and the responses thereto are now before us to decide whether to grant the requested writ. "A supervisory writ is 'an extraordinary and drastic remedy that is

8

to be issued only upon some grievous exigency.'" DNR, 380 Wis. 2d 354, ¶8 (quoting State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶17, 271 Wis. 2d 633, 681 N.W.2d 110). "As the court of original jurisdiction, we have discretion to issue a supervisory writ." State v. Buchanan, 2013 WI 31, ¶11, 346 Wis. 2d 735, 828 N.W.2d 847. In DNR, this court addressed whether the requirements for a supervisory writ were satisfied in the context of an appellate venue challenge under Wis. Stat. § 752.21(2). DNR, 380 Wis. 2d 354, ¶2. There, we stated that:

> To justify the writ, a petitioner must demonstrate that: "(1) an appeal is an inadequate remedy; (2) grave hardship or irreparable harm will result; (3) the duty of the trial court is plain and it . . . acted or intends to act in violation of that duty; and (4) the request for relief is made promptly and speedily."

Id., ¶9 (quoting Kalal, 271 Wis. 2d 633, ¶17).

¶18 We will consider only the first three factors identified above, as there is no dispute that Kormanik "promptly and speedily" filed her writ petition by doing so the day after the court of appeals issued its venue order. We address the remaining three factors in turn.

¶19 The obligation to venue an appeal in the correct district is a "plain duty" for purposes of the supervisory writ requirements. We reasoned in DNR that because the general appellate venue provision in § 752.21 utilizes the mandatory word

9

"shall," "the court of appeals has no discretion with respect to where it must hear the appeal. . . . [T]he obligation to venue the appeal in the correct district is clear, unequivocal, and mandatory. It is, therefore, a 'plain duty' within the meaning of our supervisory writ jurisprudence." 380 Wis. 2d 354, ¶13.

¶20 Having determined that a plain duty existed, the question becomes whether Chief Judge Brash violated this duty when he ordered the transfer of appellate venue from District II to District IV. We conclude that he did.

¶21 To begin, we note that Kormanik's lawsuit clearly "relat[ed] to the validity or [invalidity] of a rule or guidance document" within the meaning of Wis. Stat. § 801.50(3)(b). It is likewise clear that Kormanik's lawsuit remained within the confines of § 801.50(3)(b) even though she sought injunctive relief in addition to declaratory relief. See Wis. Stat. § 801.50(3)(b) (requiring actions brought thereunder to "be venued as provided in s. 227.40 (1)"); see also Wis. Stat. § 227.40(1) (providing that "the exclusive means of judicial review of the validity of a rule or guidance document shall be an action for declaratory judgment as to the validity of the rule or guidance document"). Because Kormanik's claim for injunctive relief was completely dependent upon a favorable decision on her claim for declaratory relief, her action is quintessentially one for declaratory relief. See Wis. Stat. § 806.04(1) ("Courts of record

10

within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.").

¶22 Having determined that Kormanik's action "relat[ed] to the validity or [invalidity] of a rule or guidance document" within the meaning of § 801.50(3)(b), the question becomes whether, as Chief Judge Brash reasoned, venue is also proper under § 801.50(3)(a). The answer is no. The legislature chose to begin subsection (3)(a) with the phrase "Except as provided in pars. (b) and (c), . . . ." Although the DNC argues that this phrase means that subsection (3)(b) "is incorporated by reference in subsection (3)(a)," agreeing with this argument would require us to ignore the plain meaning of that phrase. We will not do so; a statute cannot incorporate that which it specifically excepts.

¶23 The legislature "expresses its purpose by words. It is for us to ascertain——neither to add nor to subtract, neither to delete nor to distort." 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596 (1951). The language of Wis. Stat. § 801.50(3)(a) and (3)(b) is plain, whether considered alone or in conjunction with the appellate venue statute, § 752.21. The challenged interpretation of these statutes is not true to their language.

¶24 We are unpersuaded by alternative arguments raised in opposition. Although Chief Judge Brash claims that Kormanik has

11

forfeited any precedent-based arguments by failing to raise them in her letter memorandum on appellate venue, this argument is unpersuasive given that Kormanik's arguments depend not on precedent but on the plain text of the applicable statutes. Moreover, the case cited most frequently in the parties' briefing, DNR, is not as on point as the DNC, Rise, and Chief Judge Brash suggest. DNR did not involve the interplay between § 801.50(3)(a) and (3)(b), and indeed made clear that § 801.50(3)(b) was "not relevant to this case." DNR, 380 Wis. 2d 354, ¶16 n.8. The other case cited in the parties' briefing, Teigen v. Wisconsin Elections Commission, 2022 WI 64, 403 Wis. 2d 607, 976 N.W.2d 519, is similarly unenlightening. Our decision in Teigen arose from a Waukesha County case against the Wisconsin Elections Commission that was venued on appeal in District IV after the appellants selected that district——without objection——pursuant to Wis. Stat. § 752.21(2). However, Teigen came to us on a petition for bypass, so the issue of proper appellate venue was not presented and was not litigated. Teigen is not helpful authority on an issue left unexamined.

¶25 Next, we determine whether an appeal would be an adequate remedy to address the question of appropriate appellate venue. Based on our holding in DNR, the answer is no. We explained in DNR that there is no "appellate pathway" to seek review of appellate venue questions, and that obtaining review of such

questions via a petition for review "would depend on a serendipitous confluence between (1) the venue error, and (2) a 'plus' factor, such as we describe in Wis. Stat. § (Rule) 809.62(1r) (criteria for granting review)." 380 Wis. 2d 354, ¶43. Thus, we concluded "that a petition to review the court of appeals' eventual decision on the merits is an inadequate remedy to address the question of appropriate appellate venue." Id., ¶45. This rationale clearly applies to Kormanik's writ petition in this case.

¶26 Finally, we determine whether Kormanik would suffer irreparable harm if this court denies the supervisory writ. Again, we are guided by our decision in DNR. There, we reasoned that the right to choice of venue under § 752.21(2) is a "statutorily granted right" and that it is "nearly tautological to observe that losing a statutorily-granted right is a harm. Losing the right with no means to recover it makes the harm irreparable." Id., ¶47. We further held in DNR that because a petition for review is not a suitable remedy for correcting an error in appellate venue, without a supervisory writ, an appellate litigant "would be left with no sure means by which to remedy the deprivation of its statutory right. That makes the loss, by definition, irreparable." Id., ¶47. Thus, for purposes of the irreparable harm requirement for obtaining a supervisory writ, DNR held that losing the right to a statutorily mandated appellate venue is itself an irreparable

13

harm. Under the rationale of DNR, Kormanik would suffer an irreparable harm if she were denied a change of appellate venue.

¶27 Whether to issue a supervisory writ is, as we have repeatedly affirmed, a discretionary decision. Buchanan, 346 Wis. 2d 735, ¶11. While not every appellate venue question is proper fodder for a supervisory writ, we determine it is appropriate here in light of our decision in DNR and to facilitate the efficient administration of justice in the decision on appeal. We therefore grant the petition for a supervisory writ and vacate the October 10, 2022 appellate order transferring appellate venue from District II to District IV. The court of appeals shall hear these matters in District II.

¶28 IT IS ORDERED that the petition for supervisory writ is granted, and the October 10, 2022 order of the Chief Judge transferring appellate venue from District II to District IV of the court of appeals is vacated; and

¶29 IT IS FURTHER ORDERED that the petitions for leave to appeal filed by the Democratic National Committee and Rise, Inc., respectively, in Kormanik v. Wisconsin Elections Commission, Case Nos. 2022AP1720-LV and 2022AP1727-LV, shall be heard in District II of the court of appeals.

14

¶30 REBECCA FRANK DALLET, J. *(concurring).* I agree with the court's order granting Kormanik's petition for a supervisory writ. A straightforward application of the venue statutes, Wis. Stat. §§ 801.50(3)(b), 752.21(2) and the related statute, Wis. Stat. § 227.40(1), requires that the petitions for leave to appeal and motions for temporary stay pending appeal be decided by District II of the court of appeals, not District IV. And given the court of appeals' decision on venue in this case, exercising our equitable discretion to grant the writ is the only way to ensure that this case is heard in a timely manner and in the proper venue.

¶31 I write separately, however, because I am concerned that our decision in State ex rel. DNR v. Wisconsin Court of Appeals, District IV, 2018 WI 25, 380 Wis. 2d 354, 909 N.W.2d 114 (DNR) may be written too broadly, and in a way that appears inconsistent with other decisions regarding the availability of supervisory writs. A supervisory writ is supposed to be an "extraordinary and drastic remedy that is to be issued only upon some grievous exigency." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶17, 271 Wis. 2d 633, 681 N.W.2d 110. Yet DNR appears to suggest that whenever the court of appeals misapplies the venue statutes, a per se irreparable harm has occurred which an appeal cannot adequately remedy, and a supervisory writ must issue as a result. See DNR, 380 Wis. 2d 354, ¶¶43-48. These conclusions are hard to square, however, with the equitable discretion we have in deciding whether to grant such a writ, see, e.g., Kalal, 271 Wis. 2d 633, ¶17, and with the idea that applying the law correctly

15

"is not the type of plain legal duty contemplated by the supervisory writ procedure." State ex rel. Two Unnamed Petitioners v. Peterson, 2015 WI 85, ¶81, 363 Wis. 2d 1, 866 N.W.2d 165. Additionally, DNR broadly asserts that "losing a statutorily-granted right is a harm," and that "[l]osing the right with no means to recover it makes the harm irreparable." DNR, 380 Wis. 2d 354, ¶47. But not all denials of a statutory right without a remedy, no matter how trivial within the context of a case, are the kind of "grave or irreparable harm" our supervisory writ cases are concerned with. See Alt v. Cline, 224 Wis. 2d 72, ¶52, 589 N.W.2d 21 (1999). Finally, DNR relies on the fact that venue determinations by the court of appeals are not appealable to this court as of right in concluding that such appeals are not an adequate remedy. DNR, 380 Wis. 2d 354, ¶¶43-44. But as DNR acknowledges, no issue is appealable to us as of right. See id., ¶43 & n.18 ("Strictly speaking, there is no right of appeal to this court at all."). We only grant review when one or more of our criteria for review in Wis. Stat. § (Rule) 809.62(1r) are met. If this language from DNR is read too broadly, it would mean that an appeal is never an adequate remedy, which would "transform the writ into an all-purpose alternative to the appellate review process." Kalal, 271 Wis. 2d 633, ¶24.

¶32 Despite these potential problems with DNR, no party asked us to revisit it in this case. Nevertheless, in a future case, we should seriously consider doing so, or possibly clarifying DNR to bring it more into line with our other cases regarding the availability of supervisory writs.

16

¶33 Additionally, I note that the way in which the venue issue was litigated in this case and in others may not be the best practice in all cases. Here, as our order explains, both of the appellants directed their petitions for leave to appeal and stay motions to District IV. Nevertheless, Chief Judge Brash sua sponte ordered the parties to submit letters regarding the proper appellate venue, and ultimately decided that District IV should hear this case. Chief Judge Brash explained that he did so because he views venue as an "administrative matter, not a substantive matter in the appeal," and therefore that it fell within his purview as Chief Judge. See Wis. Ct. App. IOP I (Nov. 30, 2009). But it's not clear to me why that would be the case.

¶34 In any event, that's not how venue issues have come up in the court of appeals before. In DNR, one judge on District IV sua sponte rejected the DNR's designation of appellate venue in District II, and a three-judge panel from District IV subsequently denied a motion for reconsideration of that decision. DNR, 380 Wis. 2d 354, ¶5; see also Clean Wis., Inc. v. DNR, No. 2016AP1688, unpublished order, at 2 (Wis. Ct. App. Aug. 31, 2016); Clean Wis., Inc. v. DNR, No. 2016AP1688, unpublished order, at 4-5 (Wis. Ct. App. Sept. 29, 2016). Yet in another case, the parties themselves raised venue objections, see League of Women Voters v. Evers, No. 2019AP559, unpublished order, at 1 (Wis. Ct. App. Mar. 27, 2019) (Stark, P.J.), which were ruled on by the presiding judge. Id. at 1 (rejecting a motion for reconsideration of an order "rejecting [the respondents'] objection to the decision of [the court of appeals'] clerk to docket this appeal in District III). And in

17

others, neither the court of appeals nor the parties seem to have noticed or raised a potential venue defect. See, e.g., Teigen v. Wis. Elecs. Comm'n, 2022 WI 64, 403 Wis. 2d 607, 976 N.W.2d 519.

¶35 Courts should strive for consistency in process. Yet there doesn't appear to be any reason why the venue issues in these cases were treated differently. Although there may be some situations in which the court of appeals may appropriately raise a venue issue, I question whether that should be the default approach. After all, venue is not jurisdictional. See Kett v. Community Credit Plan, Inc., 228 Wis. 2d 1, 12, 596 N.W.2d 786 (1999). We generally leave it to the parties to raise venue objections in circuit court, see Wis. Stat. § 801.51, and I see no reason why the general appellate motions statute, Wis. Stat. § (Rule) 809.14(1), would not allow parties to an appeal to do the same thing. Whatever the process is, however, it should be clearly defined so the court of appeals and the parties know how to raise and decide venue issues.

¶36 I am authorized to state that Justices BRIAN HAGEDORN and JILL J. KAROFSKY join this concurrence.

18