STATE of Wisconsin,
Plaintiff-Respondent,

v.

Christopher G. TILLMAN,
Defendant-Appellant.†

Court of Appeals

*No. 04–0966. Submitted on briefs February 3, 2005.
—Decided March 30, 2005.*

2005 WI App 71

(Also reported in 696 N.W.2d 574.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher G. Tillman*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. NETTESHEIM, J. In *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–82, 517 N.W.2d 157 (1994), the supreme court held that: (1) all grounds for relief under WIS. STAT. § 974.06 (2003–04)[1] must be

---

[1] WISCONSIN STAT. § 974.06 governs postconviction procedure. Section 974.06(4) provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a

raised in a petitioner's original, supplemental, or amended motion; (2) an issue finally adjudicated in a prior postconviction motion may not serve as the basis for a further § 974.06 motion; and (3) issues that could have been, but were not, raised in an earlier § 974.06 motion may not be raised in a later motion unless the party establishes "sufficient reason" for failing to previously raise the issues.

¶ 2. The issue on the instant appeal is whether the procedural bar of *Escalona-Naranjo* may be applied when a prior appeal was processed under the no merit procedure set forth in WIS. STAT. RULE 809.32. For the reasons stated below, we conclude that the procedural bar of *Escalona-Naranjo*, as codified in WIS. STAT. § 974.06(4), may be applied in the appropriate case. We further hold under facts and history of this case that the issues in Christopher Tillman's current appeal are subject to the procedural bar of *Escalona-Naranjo*.

¶ 3. Following his pleas of no contest, Tillman was convicted of three counts of first-degree recklessly endangering safety while armed, one count of second-degree recklessly endangering safety, and one count of possession of a firearm. Tillman appeals from a postconviction order rejecting his double jeopardy and multiplicity claims and his further claim that he was sentenced on the basis of inaccurate information.

¶ 4. Tillman's convictions and sentence were previously upheld by this court in a no merit appeal, *State v. Tillman*, No. 98–1560–CRNM, unpublished slip op.

subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

160

(Wis. Ct. App. Dec. 23, 1998). By a subsequent summary order, we rejected Tillman's further challenge to his sentence. *State v. Tillman*, No. 00–3530, unpublished slip op. (Wis. Ct. App. June 12, 2002). Because Tillman has not demonstrated a sufficient reason for failing to raise his current arguments in the previous no merit appeal, we conclude that he is barred from now doing so in this appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 181–82. Therefore, we affirm the order denying postconviction relief.

## BACKGROUND

¶ 5. During the evening hours of June 20, 1997, Tillman was involved in an armed robbery and a subsequent street chase during which Tillman was seen firing a handgun towards the robbery victim and another person. As a result, the State filed a criminal complaint against Tillman alleging one count of armed robbery with use of force as a party to a crime, one count of possession of a firearm by a felon, and two counts of attempted first-degree intentional homicide as a party to a crime. All charges carried a habitual offender allegation. Tillman's total prison exposure on the charges was 168 years. On June 30, 1997, Tillman waived his right to a preliminary hearing, and the State filed an information alleging the same charges as stated in the complaint. Tillman entered pleas of not guilty.

¶ 6. The State and Tillman, who was represented by counsel, then reached a plea agreement. However, the initial plea hearing was adjourned because the proposed agreement did not jibe with the agreed-upon penalty exposure. A second plea hearing was also adjourned due to an error in the amended information as to the convictions supporting the habitual offender allegation.

161

¶ 7. The further and final plea hearing was held on September 5, 1997, when Tillman pled no contest to three counts of first-degree reckless endangerment by use of a dangerous weapon as a party to a crime; one count of second-degree reckless endangerment as a party to a crime and one count of possession of a firearm by a felon. In exchange, the State dismissed the habitual offender allegations. On October 3, 1997, the trial court sentenced Tillman to a total of twenty-nine years in prison. Later that day, the State filed yet another amended information to reflect the third charge of first-degree recklessly endangering safety so as to conform to Tillman's no contest pleas.[2] The judgment of conviction was filed on October 7, 1997.

¶ 8. On November 18, 1997, Tillman filed a Notice of Intent to Pursue Postconviction Relief. On July 13, 1998, Tillman's appointed appellate counsel filed a Notice of Appeal indicating that he anticipated filing a no merit report pursuant to WIS. STAT. RULE 809.32. Appellate counsel followed with the no merit report, which addressed whether there was any basis for Tillman to withdraw his no contest pleas and whether the trial court had properly exercised its sentencing discretion. *Tillman*, No. 98–1560–CRNM, unpublished slip op. at 2. Tillman filed a response to the no merit

_____

[2] Tillman correctly notes that the habitual offender allegations were still listed in the third Amended Information and that an incorrect conviction was still listed as the basis for those allegations. However, these matters were the subject of Tillman's previous postconviction motion and appeal, which we disposed of by summary order. *See State v. Tillman*, No. 00–3530, unpublished slip op. (Wis. Ct. App. June 12, 2002). We concluded that Tillman had not pled to the charges as a repeater and nothing in the sentencing transcript indicated that he was sentenced as a repeater. *Id.* at 2.

report, questioning whether there was a factual basis for his pleas to the charges that did not relate to the two victims identified in the complaint. Specifically, Tillman questioned whether the identification of the victims as "name unknown" and "bystanders" was sufficient. *Id.* at 3.

¶ 9. In a decision issued on December 23, 1998, this court analyzed appellate counsel's no merit report and further conducted our own independent examination of the record. We agreed with appellate counsel that a review of the criminal complaint supported the charges to which Tillman had pled. We said that the charges "are supported by the time of day and the residential nature of the neighborhood—members of the public were conceivably in the vicinity of the gunfight, and their safety was endangered by Tillman's reckless conduct." *Id.* at 3. We therefore concluded that there were no issues of arguable merit. *Id.* at 1 ("Upon an independent review of the record, we conclude that no arguably meritorious issues could be raised on appeal."). Accordingly, we affirmed the judgment of conviction.

¶ 10. On September 29, 2000, Tillman, acting pro se, filed a further postconviction motion, seeking sentence modification on the grounds that the State had improperly charged him as a repeater. Following a hearing, the trial court denied the motion. Tillman subsequently appealed. By summary order dated June 12, 2002, we rejected Tillman's argument, holding that although the repeater allegations were recited in the amended information, the record confirmed, consistent with the plea agreement, that Tillman was not sentenced as a repeater. *Tillman*, No. 00–3530, unpublished slip op. at 1.

¶ 11. This history brings us to Tillman's latest postconviction motion which is the subject of this appeal. On December 10, 2003, Tillman, again acting pro se, filed a motion to vacate his sentence pursuant to WIS. STAT. § 973.13 on grounds of double jeopardy and multiplicity and because he was sentenced on the basis of inaccurate information. In a written decision, the circuit court addressed Tillman's motion on the merits and denied the motion without a hearing. The court stated, "[t]he file, including the prior Court of Appeals' decisions, reflect Tillman's convictions in this matter were upon accurate information without violation of any due process rights, without duplicitous charges and did not subject him to 'double jeopardy' as Tillman erroneously understands that concept."[3]

¶ 12. Still acting pro se, Tillman appeals.

## DISCUSSION

¶ 13. On a threshold basis, the State contends that Tillman's claims were previously adjudicated by our December 23, 1998 no merit decision holding that neither appellate counsel's no merit report nor our independent examination of the record demonstrated any issues of arguable merit. Therefore, the State argues that Tillman's claims are barred under WIS. STAT. § 974.06(4) and *Escalona-Naranjo*.[4] No published opinion to date has answered whether the procedural bar of *Escalona-Naranjo* and § 974.06(4) can be premised upon a prior no merit appeal.

---

[3] While all of the earlier proceedings took place before Judge Emmanuel Vuvunas, Tillman's December 10, 2003 motion was considered and denied by Judge Allan B. Torhorst.

[4] We note that the State has limited its briefing to only the procedural bar issue, asking leave to file a supplemental brief

¶ 14. The facts and procedural history underlying the instant appeal are undisputed. Therefore, whether Tillman's appeal is procedurally barred by our prior no merit decision pursuant to *Escalona-Naranjo* and WIS. STAT. § 974.06(4) is a question of law which we review de novo. *See State v. Bodoh*, 226 Wis. 2d 718, 724, 595 N.W.2d 330 (1999) (the application of law to a set of undisputed facts is reviewed de novo).

## *The No Merit Procedure*

¶ 15. Tillman's previous appeal was decided in the context of the no merit procedure under WIS. STAT. RULE 809.32. In considering the application of WIS. STAT. § 974.06 to a prior no merit appeal, we begin by examining the no merit procedure in Wisconsin as compared to that of a conventional appeal.

¶ 16. The no merit appeal procedure has its genesis in *Anders v. California*, 386 U.S. 738 (1967), and is codified in WIS. STAT. RULE 809.32. In *Anders*, the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Id.* at 739. The Court determined that the constitutional requirements of substantial equality and fair process can only be met when counsel acts as an active advocate on behalf of his client. *Id.* at 744. The Court held:

---

addressing Tillman's issues on the merits if we should hold that Tillman is not procedurally barred from raising his appellate claims. We approve this procedure in this case.

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous . . . .

This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.

*Id.* at 744–45. Any motion to withdraw pursuant to *Anders* "necessarily implicates the merits of an appeal, because the premise of the motion is that the appeal is frivolous." *Wilkinson v. Cowan*, 231 F.3d 347, 351 (7th Cir. 2000).

¶ 17. WISCONSIN STAT. RULE 809.32 incorporates the no merit procedure set forth in *Anders*, as well as setting forth more detailed requirements. First, appointed counsel examines the record for potential appellate issues of arguable merit. *See* RULE 809.32(1)(a) ("'The no merit report shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit."). Next, the defendant has the opportunity to respond to the no merit report and raise additional issues. RULE 809.32(1)(e). Next, as contemplated by *Anders*, the appellate court not only examines the no merit report but also conducts its own scrutiny of the

166

record to see if there are any potential appellate issues with arguable merit. *See Anders*, 386 U.S. at 744–45. Finally, the court's no merit decision sets forth the potential appellate issues and explains in turn why each has no arguable merit.

¶ 18. This procedure demonstrates that, in some facets, the no merit procedure affords a defendant greater scrutiny of a trial court record and greater opportunity to respond than in a conventional appeal. As with a conventional appeal, appellate counsel examines the trial court record for potential appellate issues. However, the defendant in a conventional appeal does not receive the benefit of a skilled and experienced appellate court also examining the record for issues of arguable merit. Instead, the court's role in a conventional appeal is limited to addressing the issues briefed by appellate counsel. Nor, as a general rule, is the defendant in a conventional appeal permitted to separately weigh in by raising objections to counsel's brief or by raising additional issues. Contrast the no merit process which allows the defendant to respond to appellate counsel's no merit report. As noted earlier, the no merit process "necessarily implicates the merits of an appeal" because the premise of appellate counsel's motion to withdraw following the filing of the no merit report "is that the appeal is frivolous." *Wilkinson v. Cowan*, 231 F.3d at 351. "This can only be understood as a merits-based decision with respect to each of the claims raised in the petition . . . ." *Id.*

¶ 19. We therefore reject any notion that the no merit procedure is too perfunctory as a matter of law to permit the application of Wis. Stat. § 974.06(4). We conclude that when a defendant's postconviction issues

have been addressed by the no merit procedure under WIS. STAT. RULE 809.32, the defendant may not thereafter again raise those issues or other issues that could have been raised in the previous motion, absent the defendant demonstrating a sufficient reason for failing to raise those issues previously. *See Escalona-Naranjo,* 185 Wis. 2d at 181–82.

¶ 20. In making this pronouncement, we stress that the procedural bar of *Escalona-Naranjo* is not an ironclad rule. *State v. Crockett,* 2001 WI App 235, ¶¶ 7–8, 248 Wis. 2d 120, 635 N.W.2d 673 (an issue waived under *Escalona-Naranjo* may still be addressed by the court in its discretion); *see also State v. Erickson,* 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) (waiver is a rule of judicial administration, not jurisdiction and courts have discretion to make exceptions). We also recognize that a no merit appeal is a different breed of appeal because, while *Anders* envisions counsel acting as an advocate, the fact remains that counsel ultimately concludes that there are no issues of arguable merit. *See Anders,* 386 U.S. at 744–45. Therefore, in considering whether to apply the procedural bar of *Escalona* in a given case, the court (both trial and appellate) must pay close attention to whether the no merit procedures were in fact followed.[5] In addition, the court must consider whether that procedure, even if followed,

[5] For instance, in *Wilkinson v. Cowan,* 231 F.3d 347, 349 (7th Cir. 2000), the court held that the defendant was not procedurally barred from raising a claim of ineffective assistance of counsel even though he had procedurally raised the issue because "he was not invited to file a response [to the no merit report] and he did not do so of his own initiative." While the clerk of the federal district court advised the defendant that he could respond to the no merit report, this notification did not advise that a response was a matter of *right* and a matter of

carries a sufficient degree of confidence warranting the application of the procedural bar under the particular facts and circumstances of the case.

### Tillman's Claims

¶ 21. Having concluded that a prior no merit appeal may trigger the procedural bar of *Escalona-Naranjo* and Wis. Stat. § 974.06(4) in the proper case, we now address whether we should apply that bar to the issues raised in Tillman's current appeal.

¶ 22. In his current postconviction motion, Tillman again questions whether the facts recited in the complaint support the third charge of first-degree recklessly endangering safety while armed as a party to a crime. Tillman contends that this third charge is multiplicitous and violates his constitutional guarantee against double jeopardy because the complaint identifies only two specific victims of the shooting. Tillman reasons that because the specific identity of the victim of this additional offense has never been disclosed, it follows that this victim must be one of the victims named in the other two counts. Tillman extends this argument to his sentencing issue, complaining that the trial court thus sentenced him upon inaccurate information.

¶ 23. This court's prior no merit decision did not address Tillman's claims in terms of multiplicity and double jeopardy because Tillman did not couch his response in those terms. However, we did address the factual challenge underlying these present claims. In the prior no merit appeal, appellate counsel's no merit

*obligation* if the defendant wanted to preserve his claim for further review. *Id.* at 351. Here, however, Tillman filed a response to the no merit report.

report and Tillman's response discussed whether a factual basis existed for the third charge of recklessly endangering safety even though the victim was not specifically identified. *Tillman*, No. 98–1560–CRNM, unpublished slip op. at 3. Tillman's response additionally raised a claim of ineffective assistance of counsel because "his trial counsel did not explain 'exactly who these later charges were supposedly to have endangered.' " *Id.*

¶ 24. After analyzing appellate counsel's no merit report and Tillman's response, and after conducting our own independent examination of the record, we concluded that there were no issues of arguable merit. We stated, "At the plea colloquy, Tillman told the court that he understood that the criminal complaint would be used as the factual basis for the charges. A review of that document supports all the charges to which Tillman pled." *Id.* As noted earlier, we also stated that the third charge of recklessly endangering safety was "supported by the time of day and the residential nature of the neighborhood—members of the public were conceivably in the vicinity of the gunfight, and their safety was endangered by Tillman's reckless conduct." *Id.* This history reveals that Tillman's current phrasing of his grievance in terms of double jeopardy and multiplicity is simply a resurrection of his prior arguments under new labels.

¶ 25. The Wisconsin Supreme Court recently restated the central holding of *Escalona-Naranjo*:

> [W]e reaffirm our holding in *Escalona* that all claims of error that a criminal defendant can bring should be consolidated into one motion *or* appeal, and claims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a

170

showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion.

*State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756. The only excuse offered by Tillman for not having previously cast this issue in its current terms of multiplicity and double jeopardy is that his trial counsel was ineffective. However, as noted, our no merit report specifically rejected that claim. Thus, Tillman has failed to present a sufficient reason why his current "spin" on this already adjudicated issue was not previously raised.[6]

¶ 26. Under the facts and history of this particular case, we hold that Tillman's current appellate complaints are procedurally barred under *Escalona-Naranjo* and Wis. Stat. § 974.06(4). Because Tillman failed to raise the issues of multiplicity or double jeopardy in his previous postconviction motions and has failed to provide a sufficient reason for failing to do so, we conclude that his claims are barred under § 974.06(4).

## CONCLUSION

¶ 27. We hold under *Escalona-Naranjo* and Wis. Stat. § 974.06(4) that a prior no merit appeal may serve as a procedural bar to a subsequent postconviction

---

[6] We take particular note that Tillman makes no claim that his appellate counsel failed to comply with the notification requirements of Wis. Stat. Rule 809.32(1)(b)2. In particular, Tillman makes no complaint: (1) that counsel failed to provide him with a copy of the transcripts and the circuit court case record (assuming that Tillman requested such materials), or (2) that counsel failed to advise him of his right to respond to the no merit report. *See id.*

motion and ensuing appeal which raises the same issues or other issues that could have been previously raised. We further hold under the facts and history of this case that Tillman's current issues are procedurally barred. We affirm the postconviction order denying Tillman's request for relief.

*By the Court.*—Order affirmed.