State of Wisconsin, Plaintiff-Respondent,
v.
Jason J. Faber, Defendant-Appellant.
No. 2007AP2538-CR
Court of Appeals of Wisconin, District III
Opinion Filed: November 6, 2008
Before Dykman, Vergeront and Lundsten, JJ.
¶ 1 PER CURIAM.
Jason Faber appeals orders denying his motion to modify a fifty-year prison sentence imposed in 1996.[1] Faber contends that he presented the court with new factors that justified resentencing. We affirm.
¶ 2 Faber was convicted of the attempted first-degree intentional homicide of a police officer who interrupted a burglary that he was committing. He received a fifty-year prison sentence and was ordered to pay approximately $16,200 in restitution to victims of the burglaries he committed, an amount subsequently reduced to approximately $14,000. During the sentencing hearing, the court attributed to Faber discussions about "pursuing anarchy."
¶ 3 Postconviction counsel for Faber filed a no-merit appeal, and a no-merit report to which Faber responded. We affirmed Faber's conviction, concluding that he could not raise any meritorious issues in postconviction proceedings. Our opinion addressed Faber's claim, in his response to the no-merit report, that the writer of the PSI report wrongly observed that Faber lacked remorse. Our opinion noted that Faber alleged no other inaccuracies in the report.
¶ 4 Faber's motion for sentence modification alleged that he never read his PSI report until 1998, after the no-merit proceeding had concluded. He alleged that the PSI contained inaccurate information about his criminal record by greatly exaggerating the severity of his prior crimes, and falsely attributed to his accomplice, and presumably him, some inflammatory statements about anarchy and killing policemen. He also alleged that the $14,000 restitution amount was determined without giving him an opportunity to present evidence that a lower restitution amount was appropriate. He contended that the PSI errors and the restitution issue constituted new factors that justified a reduced sentence. The circuit court ordered a restitution hearing and otherwise denied Faber's motion. Faber appealed after the court denied reconsideration.
¶ 5 The restitution dispute is not a new factor that would justify Faber's resentencing for attempted homicide. A new factor is a fact or set of facts highly relevant to the defendant's sentence that was unknown to the trial judge at the time of original sentencing, either because it did not exist or was unknowingly overlooked by the parties. Rosado v. State, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). Here, restitution was ordered for the victims of Faber's burglaries. The court did not order restitution for the attempted homicide victim. Consequently, the amount of the restitution was not relevant, let alone highly relevant, to the prison sentence Faber received.
¶ 6 We review the alleged PSI errors concerning Faber's criminal record as alleged violations of his right to be sentenced on correct information, rather than under a new factor analysis. See State v. Tiepelman, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1 (defendant has a constitutional due process right to be sentenced upon accurate information). To succeed on the claim, Faber had to show that the sentencing court actually relied on inaccurate information. State v. Lechner, 217 Wis. 2d 392, 419, 576 N.W.2d 912 (1998). He did not, and could not, make that showing because the clear focus of the sentencing proceeding was on the aggravated circumstances of the attempted homicide. There was no mention of Faber's prior record during the sentencing proceeding. The court sentenced him to the maximum because "it would depreciate the seriousness of this offense if this Court imposed anything less than the maximum available to it today."
¶ 7 Faber is barred from claiming that the court relied on incorrect information about his and his accomplice's purported inflammatory statements and beliefs. Faber heard the court's remarks on those statements and beliefs during the sentencing proceeding, but did not object. He did not mention them in his response to appellate counsel's no-merit report. Issues that the defendant raised or could have raised in a prior postconviction proceeding are barred in a subsequent postconviction proceeding, absent sufficient reason for not previously raising the issue. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). This procedural bar applies to defendants whose direct appeal was a no-merit proceeding. State v. Tillman, 2005 WI App 71, ¶¶19-20, 281 Wis. 2d 157, 696 N.W.2d 574.[2] Here, Faber has not shown why he could not have challenged the accuracy of the court's remarks in his response to counsel's no-merit report.
¶ 8 Finally, Faber alleges that the Barron County District Attorney engaged in an ex parte communication with the court regarding the merits of Faber's claims. Nothing in the record shows that Faber raised this issue in the circuit court, and he has therefore waived it on appeal. See State v. Van Camp, 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997).
By the Court.Orders affirmed.
NOTES
[1] Judge Edward R. Brunner presided over the hearing on the motion to modify sentence and issued an oral ruling, but the two written orders in this case were signed by Judge Timothy M. Doyle.
[2] In considering whether State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), applies after a no-merit appeal, we must examine whether the no-merit procedures were in fact followed, and whether the result carries a sufficient degree of confidence to warrant application of the procedural bar under the particular facts and circumstances of the case. State v. Tillman, 2005 WI App 71, ¶20, 281 Wis. 2d 157, 696 N.W.2d 574. We have no reason to doubt that the procedures were followed in Faber's case, and we have sufficient confidence in the result to apply the bar here, primarily because Faber cannot blame the court for overlooking the issue. Because Faber did not object on the record to the sentencing court's remarks, their accuracy was an issue only he could have raised, since only he knew whether the court misattributed beliefs and statements to him.