**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 28, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1634-CR**

Cir. Ct. No. 2002CF38

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

RICHARD I. KASPER,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Marathon County: MICHAEL K. MORAN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Richard Kasper appeals from an order denying his motion for sentence modification or resentencing on a judgment of conviction

entered in 2002. Kasper contends he is entitled to sentence modification based upon a new factor. In the alternative, he contends that he is entitled to resentencing because his original sentence was based upon inaccurate information in the presentence investigation (PSI) report that he had physically abused family members. Both contentions are premised upon affidavits from three of Kasper's family members and the testimony of a fourth family member, all of whom now assert they never spoke with the PSI author and dispute domestic abuse allegations that were attributed to them in the PSI report. Kasper challenges a finding by the circuit court that the family members' affidavits and testimony were not credible.

¶2 We conclude that Kasper has failed to demonstrate a new sentencing factor. We further conclude that Kasper's inaccurate information claims are procedurally barred. Accordingly, we affirm the order of the circuit court.

**BACKGROUND**

¶3 In 2002, Kasper was convicted of two counts of first-degree sexual assault of a child and eleven counts of second-degree sexual assault of a child, based upon allegations of multiple acts of sexual intercourse with the same child over a period of several years. A PSI report was prepared.[1] The report recounted conversations the PSI author had with several of Kasper's family members. As relevant here, the PSI author related that Kasper's daughter Danielle alleged that Kasper had been physically abusive and that Kasper's ex-wife Victoria alleged that Kasper had held a gun to her head to force her to stay with him.

---

[1] Although the PSI is not in the appellate record, we will accept uncontested representations from the transcripts of the sentencing hearing and sentence modification hearing about its contents.

¶4     At the sentencing hearing, defense counsel informed the court that Kasper disputed the allegations of domestic abuse purportedly made by Danielle and Victoria.  The prosecutor responded to Kasper's denial of physical abuse by noting that such abuse would be consistent with Kasper's extensive criminal history of violent offenses.

¶5     The circuit court sentenced Kasper without making reference to the domestic abuse allegations.  This court subsequently affirmed the judgment of conviction in a no-merit proceeding.  Kasper then filed a pro se motion seeking postconviction relief under WIS. STAT. § 974.06 (2017-18),[2] which the court denied.

¶6     In 2018, Kasper moved for sentence modification based upon a new factor or, in the alternative, resentencing based upon the circuit court's consideration of inaccurate information at sentencing.  Kasper submitted affidavits from Danielle and Victoria in which each denied having ever spoken to the PSI author and also denied the allegations of physical abuse attributed to them in the report.  In addition, Kasper's son Harley provided an affidavit stating that he had never witnessed Kasper engage in abusive behavior while they lived in the same household.

¶7     At the hearing on the motion for sentence modification, without objection from the State, Kasper informed the circuit court that he would rely upon the affidavits in lieu of testimony from Danielle, Victoria and Harley.  Another of

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Kasper's daughters, Jennifer, testified that she had never spoken to the PSI author, and that none of the statements therein could be attributed to her, either.

¶8      The PSI author, Sara Hohenstein, testified that Victoria, Danielle, and Jennifer were all sources who had provided information for her report. She agreed that she had not spoken to Harley. Hohenstein had three pages of notes from an interview she had with Danielle on October 1, 2002; two and one-half pages of notes from an interview she had with Jennifer on September 16, 2002; and notes from a telephone interview she had with Victoria on September 16, 2002.

¶9      The circuit court found the PSI author's testimony to be credible, and it found the affidavits of Danielle and Victoria, as well as the testimony of Jennifer, to be incredible. After determining that Kasper had failed to demonstrate that the three women had not communicated with the PSI author or had not made the statements attributed to Danielle and Victoria in the PSI report, the court concluded that Kasper had failed to prove the existence of a new factor. Although the court did not separately address Kasper's inaccurate information claim, it is implicit that the court denied that claim for the same reason—that is, it did not find credible the allegation that none of the family members had made prior claims of physical abuse. Kasper now appeals.

## DISCUSSION

### I.  New Sentencing Factor

¶10      A new sentencing factor is a fact or set of facts highly relevant to the imposition of sentence but not known to the trial judge at the time of sentencing, either because it was not then in existence or because it was unknowingly

4

overlooked by all the parties. ***State v. Harbor***, 2011 WI 28, ¶¶40, 52, 333 Wis. 2d 53, 797 N.W.2d 828 (reaffirming test set forth in ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)). In order to obtain relief, a defendant must demonstrate by clear and convincing evidence both the existence of a new factor and that the new factor justifies sentence modification. ***Id.***, ¶¶36-38.

¶11 Whether a particular set of facts constitutes a new sentencing factor is a question of law subject to de novo review. ***Id.***, ¶36. However, the determination of whether a new factor warrants a modification of sentence lies within the circuit court's discretion. ***Id.***, ¶37. If a court determines either that the defendant has failed to demonstrate that a new factor exists as a matter of law, or that the alleged new factor would not warrant relief within the court's exercise of discretion, the court need not address the other part of the test. ***Id.***, ¶38.

¶12 As a threshold matter related to his new sentencing factor claim, Kasper contends the circuit court erred by making adverse credibility determinations as to Danielle, Victoria and Harley's current allegations without holding "a full evidentiary hearing" and taking testimony from them. The record shows, however, that the court did hold an evidentiary hearing, and it did not in any way bar Danielle, Victoria or Harley from testifying at that hearing. Kasper cannot now fault the court for granting his own request to rely on affidavits in lieu of testimony from three of his four witnesses. In short, Kasper essentially waived any objection to having the court weigh the credibility of the affidavits by asking the court to consider them and, implicitly, to find them credible.

¶13 In any event, the circuit court did have the opportunity to observe Jennifer and Hohenstein's testimony and demeanor. It found Hohenstein to be credible and Jennifer not credible. The court's determination that Hohenstein

credibly testified regarding her sources in preparing the PSI necessarily compelled the conclusion that the contrary allegations made by Danielle and Victoria in their affidavits were not credible.

¶14    Because the circuit court is the "ultimate arbiter" for credibility determinations when acting as a fact finder, we will defer to its resolution of discrepancies or disputes in the testimony and its determinations of what weight to give to particular testimony. *Johnson v. Merta*, 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980); *see also* WIS. STAT. § 805.17(2). We therefore accept the court's resulting factual finding that Danielle, Victoria and Jennifer all reported allegations of physical abuse to the PSI author at the time of sentencing.

¶15    Here, Kasper contends the fact that he was not physically abusive toward family members constitutes a new sentencing factor. However, aside from that contention being disputed rather than established,[3] there is nothing new about it. At the sentencing hearing, Kasper, through his counsel, denied the allegations that he was physically abusive toward family members. Moreover, Victoria, Danielle, Jennifer, and Harley were all present at the sentencing hearing and available to testify if the defense had chosen to call them. In sum, whether Kasper engaged in physical abuse of family members was known to Kasper and his family members at the time of sentencing. Far from being overlooked, the matter was set forth in the PSI and disputed during the sentencing hearing. Furthermore, the disputed allegations of domestic abuse were not highly relevant to sentencing because the circuit court did not mention them in its discussion at the sentencing

_____

[3] The circuit court did not explicitly state whether it found that the previously alleged physical abuse had in fact occurred, only that it had been reported to the PSI author.

hearing. The court therefore properly determined that Kasper failed to demonstrate the existence of a new factor.

## II. Inaccurate Sentencing Information

¶16 In a related claim, Kasper contends his due process rights were violated because the circuit court relied at sentencing upon inaccurate information in the form of false allegations that Kasper had engaged in physical abuse of family members. This issue is procedurally barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). *Escalona-Naranjo* holds that an issue that could have been raised in a direct appeal or in a postconviction motion under WIS. STAT. § 974.02, cannot be the basis for a subsequent postconviction motion under WIS. STAT. § 974.06, unless there was a sufficient reason for failing to raise the issue earlier. *Escalona-Naranjo*, 185 Wis. 2d at 185. The procedural bar of *Escalona-Naranjo* may be applied to a defendant whose direct appeal was processed under the no-merit procedure set forth in WIS. STAT. RULE 809.32, as long as the no-merit procedures were in fact followed and the record demonstrates a sufficient degree of confidence in the result. *See State v. Tillman*, 2005 WI App 71, ¶¶19-20, 281 Wis. 2d 157, 696 N.W.2d 574.

¶17 This court's opinion in *State v. Kasper*, No. 2003AP2069-CRNM, unpublished op. and order (WI App Feb. 10, 2004), shows that the proper no-merit procedures were followed on Kasper's prior appeal. The opinion notes that Kasper was afforded the opportunity to submit a response to counsel's report, but he did not do so. This court then engaged in an independent review of the record and concluded that Kasper's no-contest pleas and sentences were valid, and that all other non-jurisdictional issues had been waived by the plea. Nothing in our current review of the record undermines our confidence in those conclusions.

¶18 Furthermore, Kasper has not provided any sufficient reason why he could not have raised his inaccurate sentencing information claim in his pro se postconviction motion. We again observe that the facts regarding Kasper's alleged physical abuse of family members were within his knowledge during his prior postconviction proceedings. We therefore agree with the State that Kasper is now procedurally barred from raising his inaccurate sentencing information claim.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.