**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 18, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP114**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2010CF3671**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

   V.

KENNETH LOVELL MCDADE,

      DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed.*

Before Geenen, Colón and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kenneth Lovell McDade appeals an order of the circuit court denying his WIS. STAT. § 974.06 (2023-24)[1] motion for relief.  Upon review, we affirm.

## BACKGROUND

¶2    In 2012, a jury convicted McDade of one count of second-degree sexual assault of a child less than sixteen years of age and one count of child enticement.   According to the criminal complaint and facts adduced at trial, McDade approached twelve-year old S.S. at a gas station and learned that she had run away from home.  McDade took S.S. to a motel where he and another man, Kenya Ragland, gave S.S. cocaine and alcohol and repeatedly sexually assaulted her.   McDade initially pled guilty to child enticement, and the sexual assault charge was dismissed; however, prior to sentencing, McDade moved to withdraw his guilty plea.   The trial court granted the motion and both charges were reinstated.  Ultimately, the matter proceeded to trial where McDade represented himself.  The jury convicted McDade of both charges.

¶3    Following McDade's conviction, appointed counsel filed a no-merit report pursuant to WIS. STAT. RULE 809.32.  McDade filed a response, counsel filed a supplemental no-merit report, and McDade filed three additional responses. McDade raised thirteen issues in his responses, some of which overlapped with issues raised by appellate counsel.  In a thirty-eight page decision, this court addressed the following issues: (1) McDade's motion to suppress S.S.'s photo array identification;  (2) the sufficiency of the evidence;  (3) the trial court's

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

sentencing discretion; (4) McDade's waiver of counsel; (5) McDade's competency to proceed *pro se*; (6) a claimed violation of McDade's right to self-representation; (7) the collection of McDade's DNA swab; (8) the denial of McDade's motion for a continuance; (9) a chain of custody challenge to DNA evidence; (10) an interest of justice claim based on an alleged failure to physically describe McDade's genitalia; (11) a due process challenge to the trial court's rulings on certain pretrial matters; (12) prosecutorial misconduct; and (13) a motion to correct trial transcripts. After an independent review of the record, this court determined that there were no arguably meritorious issues for appeal and we affirmed McDade's conviction. *See **State v. McDade***, No. 2014AP1301-CRNM, unpublished op. and order (WI App Feb. 14, 2022).

¶4      McDade then filed the WIS. STAT. § 974.06 motion that underlies this appeal. He argued that his postconviction/appellate counsel "unreasonably failed to investigate and introduce indisputable facts to be judicially noticed, and move the court for a new trial. Also, [counsel's] failure to thoroughly examine the record and investigate facts outside the record had deliberately ignored several preserved issues to obtain a new trial[.]" Specifically, McDade argued that postconviction/appellate counsel was ineffective for: (1) failing to request the trial court to take judicial notice of the defendant's "deformed genitalia" as adjudicative facts and to move the court for a new trial in the interest of justice; (2) failing to ask the trial court to reconsider the defendant's *pro se* motion for a new trial, filed after his trial but before he was sentenced; (3) failing to identify and raise a jury instruction error; and (4) failing to identify and raise a ***Brady***[2]

---

[2] *See **Brady v. Maryland***, 373 U.S. 83 (1963).

violation claim. McDade admitted that some of these issues "were raised in part" in his responses to counsel's no-merit report. However, he argued that ineffective assistance of postconviction/appellate counsel was a "sufficient reason" to overcome the procedural bars he faced.

¶5      The postconviction court denied the motion as procedurally barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because McDade failed to raise the issues in his no-merit responses. This appeal follows.

## DISCUSSION

¶6      On appeal McDade reiterates the arguments raised in his postconviction motion. He also contends that he is not subject to the *Escalona-Naranjo* bar because postconviction/appellate counsel was ineffective for failing to raise the issues of which he complains. He further suggests that he was not required to raise the newly alleged issues in his no-merit responses because this court conducted an independent review of the record and should have caught the issues itself. Because this court did not catch the issues, McDade contends, this court failed to properly follow the no-merit procedures. McDade is mistaken.

¶7      We agree with the postconviction court that McDade's claims are procedurally barred under *Escalona-Naranjo*. Successive motions and appeals are procedurally barred unless the defendant can show a sufficient reason why the newly alleged errors were not previously raised. *Id.* at 185. We determine the sufficiency of a defendant's reason for circumventing *Escalona-Naranjo*'s procedural bar by examining the "four corners" of the postconviction motion. *See State v. John Allen*, 2004 WI 106, ¶¶23, 27, 274 Wis. 2d 568, 682 N.W.2d 433. The bar to serial litigation may also be applied to a defendant whose direct appeal

was processed under the no-merit procedures set forth in WIS. STAT. RULE 809.32, as long as the no-merit procedures were in fact followed and the record demonstrates a sufficient degree of confidence in the result. *See* ***State v. Tillman***, 2005 WI App 71, ¶¶19-20, 281 Wis. 2d 157, 696 N.W.2d 574; *see also* ***State v. Aaron Allen***, 2010 WI 89, ¶¶35-41, 328 Wis. 2d 1, 786 N.W.2d 124.

¶8    McDade's arguments are simply an attempt to absolve himself of fault for failing to raise his newly alleged issues in any one of his four responses to appellate counsel's no-merit report. It is well established that a defendant may waive issues by failing to raise them in a response to a no-merit report. *See* ***Tillman***, 281 Wis. 2d 157, ¶¶17-19. McDade has not offered any cognizable reasons for failing to raise these issues in any of his no-merit responses. He simply suggests that counsel and this court should have caught them instead. In short, McDade has not demonstrated that his no-merit appeal was procedurally inadequate. This court independently reviewed the record and assessed McDade's claims. Our resolution of the no-merit proceeding carries a sufficient degree of confidence warranting application of the procedural bar.

## CONCLUSION

¶9    For the forgoing reasons, we affirm the order denying McDade's postconviction motion for relief.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

5